```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:05 MJ 265 |
| | ) | |
| GEORGE ZAMOT | ) | |

## DETENTION ORDER AND OPINION

At the December 12, 2005 initial appearance, the government requested that the defendant, George Zamot, be held without bond. A detention hearing was scheduled for December 15, 2005, but continued until January 5, 2006, at the request of the defendant. The court now makes the following findings of fact:

1. The defendant currently is charged in a criminal complaint with a violation of 18 U.S.C. ß841(a)(1) and 26 U.S.C. ß5845(a). If convicted, the defendant faces a mandatory minimum sentence of five years imprisonment and a maximum sentence of 40 years imprisonment.

2. At the detention hearing, the government relied upon the probable cause affidavit and the prebond report prepared by the United States Probation Department. The defendant called case agent Robert Aponte as a witness.

3. The government made three controlled buys of crack cocaine from the defendant:

      A.    On December 1, 2005, a confidential informant purchased $200 worth of crack cocaine.

      B.    On December 6, 2005, the confidential informant purchased $300 worth of crack cocaine.

      C.   On December 8, 2005, the confidential informant purchased $400 worth of crack cocaine.

4. On December 9, 2005, federal agents executed a search warrant at the defendant's residence, 3716 Deodor Street, East Chicago, Indiana. The agents recovered crack cocaine, a .22 cal. handgun, a sawed-off shotgun, .32 cal. ammunition, and sandwich bags.

5. When questioned by the defendant, case agent Aponte indicated that the handgun and the sawed-off shotgun had not been tested and he could not say whether the weapons were operable.

6. In the prebond report, the defendant admitted to using marijuana and cocaine on a regular basis.

7. The defendant is employed by Kids Stuff assembling playground equipment. Because the work is seasonal, the defendant was unemployed at the time of his arrest.

8. The defendant has been arrested on three separate occasions but does not have any felony convictions.

Under 18 U.S.C. §3142(e), a rebuttable presumption exists that a defendant is a danger to the community if he is charged with a narcotics offense where the penalty is at least ten years imprisonment. An individual who is in possession of both narcotics and a firearm is a danger to the community. ***United States v. Singer***, 943 F.2d 758, 762-63 (7th Cir. 1991). In ***United States v. Anderson***, 72 F.3d 563 (7th Cir. 1995), Circuit Judge Daniel Manion stated in a concurring opinion:

> Illegal drugs such as cocaine, the product Anderson chose to sell, are dangerous, addic-

2

> tive, and destructive to the user.  Sellers
> viciously fight over customers and selling
> territory.  We have consistently held that
> guns are typical tools of this dangerous
> trade.  In short, while "not all drug offens-
> es are violent," the drug trade and culture
> are inherently violent.  Users will rob and
> maim to obtain money for their next purchase.
> Street sellers and large quantity distribu-
> tors alike inflict wanton violence upon com-
> petitors and traitors.

> 72 F.3d at 567

See also **United States v. Thompson**, 286 F.3d 950, 960 (7th Cir. 2002) (The Court of Appeals commented on the relationship between weapons and narcotics trafficking because "of the violent nature of the drug business"); **United States v. Johnson**, 170 F.3d 708, 719 (7th Cir. 1999) ("No one disputes that drugs are a scourge on society, especially on the lives of those who live in the midst of the dangerous drug culture"); **United States v. Stowe**, 100 F.3d 494, 499 (7th Cir. 1996) ("drug dealing is a crime infused with violence").

   Zamot is charged with distributing crack cocaine.  In **United States v. Lawrence**, 951 F.2d 751 (7th Cir. 1991), the Court of Appeals stated:

> Drug use is a cancer that threatens society,
> particularly in the form of increased crimi-
> nal activity.  The highly addictive nature of
> crack, its growing availability, and relative
> low cost all serve to increase the risks
> associated with its use.

> 951 F.2d at 755

See also **United States v. Thornton**, 197 F.3d 241, 246 (7th Cir. 1999) ("The drug of choice is invariably cocaine, often in its most addictive form as crack"); **United States v. Robinson**, 164

3

F.3d 1068, 1071 n.1 (7th Cir. 1999)(the Court of Appeals noted that "the testimony at trial clearly established that [the defendant] distributed crack, not some less devastating species of cocaine"); **United States v. Booker**, 70 F.3d 488, 494 n.24 (7th Cir. 1995) ("more violence is associated with the distribution of crack than powder cocaine (often because the crack market attracts younger, presumably more crime-prone sellers.)") (internal quotation marks omitted); **United States v. Jones**, 54 F.3d 1285, 1294 (7th Cir. 1995) (expressing concern "about the heightened addictiveness and dangerousness of cocaine base as compared to ordinary cocaine").

The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community and "that no condition or combination of conditions will reasonably assure . . . the safety of . . . the community . . . ."  Section 3142(e) Federal agents made three controlled buys of crack cocaine from the defendant and recovered additional crack cocaine when they searched his residence.  The federal agents also recovered a handgun, a sawed-off shotgun, and ammunition.

The defendant currently is unemployed and has admitted to using marijuana and cocaine on a regular basis.  *See generally* **United States v. Raimondi**, 159 F.3d 1095, 1100 n.11 (7th Cir. 1998) (*quoting* the Policy Statement from Section 5H1.4 of the Sentencing Guideline which provides that "[s]ubstance abuse is highly correlated to an increased propensity to commit crime").

Under all of the circumstances, it is unlikely that the Probation Department could effectively monitor the defendant if released on bond.

The government's motion for pretrial detention is **GRANTED**, and the defendant is **ORDERED HELD WITHOUT BOND**.  18 U.S.C. ß 3142(e)

Pursuant to 18 U.S.C. ß3142(i), it is further **ORDERED** that:

- A. The defendant shall be committed to the custody of the Attorney General for confinement to a corrections facility separate, to the extent practicable, from persons who are confined after a conviction;

- B. The defendant shall be afforded reasonable opportunities for private consultation with his attorney; and

- C. The defendant shall be delivered to the custody of the United States Marshal when the appearance of each defendant for any court proceeding is required.

ENTERED this 9th day of January, 2006

s/Andrew P. Rodovich
United States Magistrate Judge